UNITED STATES of America, Appellee,

v.

**William James BRESLEY, Appellant.**

No. 76–1815.

United States Court of Appeals,
Eighth Circuit.

Submitted Jan. 10, 1977.

Decided Jan. 17, 1977.

---

Gordon E. Allen, Des Moines, Iowa, for appellant.

Allen L. Donielson (former U.S. Atty.) and John M. Fitzgibbons, Asst. U.S. Atty., Des Moines, Iowa, for appellee; George H. Perry, U.S. Atty., Des Moines, Iowa, on the brief.

Before LAY, ROSS and WEBSTER, Circuit Judges.

PER CURIAM.

William James Bresley appeals his conviction for interstate transportation of a stolen automobile in violation of 18 U.S.C. § 2312. We affirm.

On appeal, the defendant challenges the government's practice of not recording the grand jury testimony of law enforcement personnel. This claim is without merit. The defendant has demonstrated no prejudice and, furthermore, "there is no constitutional or statutory requirement that grand jury testimony be recorded." United States v. Biondo, 483 F.2d 635, 641 (8th Cir. 1973), cert. denied, 415 U.S. 947, 94 S.Ct. 1468, 39 L.Ed.2d 563 (1974). See also United States v. Crow Dog, 532 F.2d 1182, 1198 (8th Cir. 1976), and cases cited therein.

The defendant also asserts that the 21-month pre-indictment delay was unreasonable and prejudiced his defense by impairing his ability to recall events and preventing the location of key witnesses. The record reveals no peculiar circumstances resulting from the delay other than a general inability to recall events, which by itself is insufficient to establish the requisite prejudice. United States v. Quinn, 540 F.2d 357, 362 (8th Cir. 1976); and United States v. Golden, 436 F.2d 941, 943 (8th Cir. 1971). There was no evidence that the prosecution intentionally delayed the indictment in an effort to gain a tactical advantage over the defendant. The record also reveals that the defendant's inability to recall events stemmed largely from his intoxication during the period in question and not from the delay.

Additionally, the defendant has failed to make a sufficient showing of the existence of a "missing witness" who could supply material evidence on his behalf. United States v. Quinn, supra at 362; United States v. Naftalin, 534 F.2d 770 (8th Cir. 1976).

The judgment of conviction is affirmed.